**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**REBECCA GARCIA,**

    **Plaintiff,**

vs.                                No. CIV-10-1258 JAP/LAM

**HIBBETT SPORTING GOODS, INC.,**

    **Defendant.**

### PROTECTIVE ORDER

**THIS MATTER** having come before the Court on Defendant Hibbett Sporting Goods, Inc.'s *Unopposed Motion for Protective Order (Doc. 21)*, filed March 14, 2011, and the Court having considered the Motion finds that the Motion is well-taken and is hereby **GRANTED**.

The Court hereby **ORDERS**:

1.   The term "document" is defined as set forth Fed. R. Civ. P. Rule 34(a)(1)(A) and specifically includes electronically stored information ("ESI").

2.   All documents produced or information disclosed by any party to this action during discovery, which contains or reveals confidential, medical, personal, competitive and/or proprietary non-public business information shall be deemed CONFIDENTIAL no matter how marked or designated.

3.   All information contained in responses to discovery including responses to interrogatories, responses to requests for production, and responses to requests for admissions, shall be deemed CONFIDENTIAL no matter how marked or designated.

4. In the instance of testimony at deposition, any counsel of record may invoke the provisions of this Protective Order by advising others present at the deposition in a timely manner that testimony being given is deemed CONFIDENTIAL. The reporter, who shall first have agreed to abide by the provisions of the Protective Order, shall be instructed to include on the cover page of each deposition transcript the legend:

> **This transcript contains information subject to a Protective Order and shall be used only in accordance therewith.**

5. Documents or information deemed CONFIDENTIAL in accordance with the provisions of this Protective Order shall be accessible only to the parties to this action, attorneys of record and necessary attorneys, in-house counsel, and legal assistants and support staff in the offices of such attorneys, the Court and its staff, experts and consultants retained by attorneys for any party to this action, persons who may be witnesses in this action, and any other person to whom the party producing the documents or revealing the information agrees in writing.

6. Any person, other than the Court and its staff, to whom documents or information deemed CONFIDENTIAL in accordance with the provisions of this Protective Order is disclosed shall be provided with a copy of this Protective Order, shall be bound by its terms, and shall acknowledge his/her receipt of this Protective Order and agreement to be bound thereby by signing an Agreement in the form provided by Exhibit A to this Protective Order..

7. If any party in this action objects to any document or information being deemed CONFIDENTIAL, the objecting party may notify counsel for the other party, and the parties will confer as to the proper status of such document or information. In the event that counsel agree to release the information in question subject to a reduced level of protection or no protection, such agreement shall be reduced to writing and signed by counsel for both parties. If counsel cannot reach

agreement with regard to a reduced level of protection or no protection for a specified document or information, the party seeking to prevent disclosure may seek relief from the Court by motion and the Court may grant or deny such relief as the Court deems appropriate. On any such motion, the party seeking to remove CONFIDENTIAL status shall bear the burden of why disclosure is necessary and the party seeking to retain CONFIDENTIAL status shall bear the burden of showing the need for confidentiality. Until such time as the parties agree upon the handling of any objection to CONFIDENTIAL status or a decision on the objection is made by the Court, the document or information shall continue to be handled as CONFIDENTIAL in accordance with the provisions of this Protective Order.

8. All documents filed with the Court, which contain information deemed CONFIDENTIAL in accordance with the provisions of this Protective Order including pleadings and exhibits shall be filed under seal and shall be accessible only to the Court, the parties to this action and their counsel.

9. All disputes concerning the scope, or relating to the interpretation, of this Agreement that cannot be resolved among the parties to this action shall be submitted to the Court for ruling. The parties to this action agree that, in the event it becomes necessary to seek a ruling from the Court, an expedited procedure shall be followed.

10. It is understood and agreed that persons obtaining access to documents or information deemed CONFIDENTIAL shall use such documents and information only for purposes of this action and related litigation, and not for business, competition, or any other purpose, and shall not disseminate, distribute, disclose, divulge, publish or otherwise make available such documents or information to anyone except pursuant to the terms of this Protective Order or as the Court may otherwise specifically direct or allow.

11. Within sixty (60) days following final disposition or resolution of this action, including all subsequent litigation relating thereto, counsel for each party shall certify that all documents subject to this Agreement, including copies, extracts, and summaries made or containing information therefrom, have been destroyed or surrendered to counsel for the disclosing party and shall confirm in writing their compliance with this obligation. Nothing in this Protective Order shall prevent counsel from retaining copies of motions and pleadings filed or served in this action. Nothing in this Protective Order shall prevent counsel for the parties from retaining any summaries or other documents prepared by or for said counsel that contain or refer to information and/or documents subject to this Protective Order and that constitute attorneys' work product, provided that such summaries or other documents are thereafter maintained under the terms and conditions of this Protective Order. The terms and conditions of this Protective shall continue to apply after the termination of this action.

12. This Protective Order shall not be considered: (i) a modification or waiver of any preexisting obligation of confidentiality (including contractual obligations and obligations that may exist by operation of law) that any party to this action may be subject to; (ii) a waiver of any objection that any party may have to requests for the production of confidential material; or (iii) any limitation on the parties' freedom to agree to greater protections regarding confidential material than are contained in this Protective Order.

13. The restrictions set forth in this Protective Order shall not apply to documents or information: (i) that was, is or becomes public knowledge, not in violation of this Protective Order; or (ii) that the non-designating party lawfully possessed and was entitled to disclose prior to the filing by the Court of this Protective Order.

**IT IS SO ORDERED.**

*Lourdes A. Martínez*
_____
**LOURDES A. MARTÍNEZ
UNITED STATES MAGISTRATE JUDGE**

Submitted by: *(Prior to modification by the Court)*

**JACKSON LEWIS LLP**

By:  *Electronically Submitted*

> Danny W. Jarrett
> jarrettd@jacksonlewis.com
> James L. Cook
> cookj@jacksonlewis.com

4300 San Mateo Blvd. NE, Ste. B-260
Albuquerque, NM 87110
P: 505-878-0515
F: 505-878-0398
**Counsel for Defendant**


**JOHN R. HAKANSON, P.C.**

By:  *Approved by Email on March 14, 2011*

> Miguel Garcia
> miguelo.garcia@gmail.com

307 11th St.
Alamogordo, NM 88310
P: 575-437-2874
F: 575-434-9794
**Counsel for Plaintiff**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

REBECCA GARCIA,

        Plaintiff,

v.                                              No. 10-CV-01258 JAP/LAM

HIBBETT SPORTING GOODS, INC.,

        Defendant.

**EXHIBIT A TO PROTECTIVE ORDER**

**ACKNOWLEDGMENT OF AND
AGREEMENT TO COMPLY WITH PROTECTIVE ORDER**

      The undersigned acknowledges that he/she has received a copy of the Protective Order in the above captioned case, understands the provisions of the Protective Order and agrees to be bound by such provisions.

Date: _____

By: _____

Print Name: _____